MERCHANTS BANK BUILDING COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 69474. Promulgated August 1, 1935.

*W. H. Oppenheimer, Esq.*, for the petitioner.
*E. L. Corbin, Esq.*, for the respondent.

TURNER: Petitioner contends that since the Merchants National Bank, the predecessor corporation, in keeping with its books of account, did not deduct the taxes in question on its 1928 return and under an office ruling of the Bureau of Internal Revenue, which was not changed until December 30, 1929, Minnesota real estate taxes were not considered deductible until the year following that for which they were paid, and since by that time the property had been acquired by the petitioner through a nontaxable reorganization and the said taxes were, in fact, paid during the taxable period by the petitioner, which kept its books of account on the cash receipts and disbursements basis, the respondent has erred in disallowing the deduction in respect thereto.

The petitioner does not contend that the previous office ruling, revoked on December 30, 1929, was correct, but argues that since under that ruling the Merchants National Bank could not, at the time its 1928 return was made, have taken the deduction for 1928 taxes on its real estate, the respondent should not now be permitted to refuse the deduction to the petitioner on its return for 1929. We see no merit in this argument. The petitioner is entitled to the deduction only if the statute so provides, and no such right can arise from an erroneous ruling by the respondent with reference to the rights of a former owner of the property. We have previously held, in *Leamington Hotel Co.*, 26 B. T. A. 1004, that Minnesota property taxes become a liability on May 1 of the year for which they are imposed and are not deductible by a taxpayer which acquires the property in the month of June following.

The petitioner contends, however, that this case is different from that in which the property is acquired for a cash consideration, and relies particularly on the stipulated fact that the property in question was acquired through a nontaxable reorganization. Great stress is placed on the provisions of section 113 (a) (7) of the Revenue Act of 1928, which provides that in the case of property acquired in a reorganization " the basis shall be the same as it would be in the hands of the transferor * * *." The same argument was made in *Texas Coca-Cola Bottling Co.*, 30 B. T. A. 736, and we there held that the liability for property taxes accruing on a specific date is to be determined by the ownership of the property on that date

and the payment of taxes on property acquired by the taxpayer subsequent to the date the taxes accrued constitutes a part of the cost of the property and is not deductible under section 23 (c) of the Revenue Act of 1928, which is also the statutory provision controlling in the instant case. The petitioner here, as in *Texas Coca-Cola Bottling Co., supra*, is undertaking to base its right to a deduction, for taxes paid, on the reorganization provisions of the statute, which have to do with the question of recognition of gain or loss in connection with certain exchanges of property, and on the provisions prescribing the basis for determining gain or loss from a subsequent disposition of property received in reorganization. The obvious answer to such an argument is that we do not have before us a question of recognition of gain or loss in a reorganization. Neither do we have a case involving the disposition of property received in reorganization, but a question of deduction from gross income for taxes paid, which, as we have pointed out, is governed by an altogether different and unrelated provision of the statute.

The petitioner also places great reliance on the fact that it kept its books on the cash receipts and disbursements basis. We have previously pointed out that payments such as we have here constitute a part of the cost of the property, and it is this fact that results in their nondeductibility and not the manner in which the books of account are kept. Cf. *Grand Hotel Co.*, 21 B. T. A. 890, and *Falk Corporation*, 23 B. T. A. 883; affd., 60 Fed. (2d) 204.

*Decision will be entered for the respondent.*